OPINION OF THE COURT
Lila F. Levy-Dino, J.
The defendant was charged with a violation of Vehicle and Traffic Law §§1111 (d) (1) and 509-1. Defendant appeared by *494 counsel, Henry J. Holley. In the City of Port Jervis, attorney defendant vehicle and traffic matters are prosecuted by the Corporation Counsel.
The Corporation Counsel for the City of Port Jervis disqualified himself from prosecuting these charges and requested the Mayor to appoint substitute counsel.
Thereafter, Mark D. Fox, Esquire, of Port Jervis was appointed to act in such capacity.
Defendant by his attorney moved this court for an order disqualifying Mark D. Fox from acting as prosecuting Special Corporation Counsel in view of the fact that Mr. Fox has in the past and is presently representing defendant in the City Court of Port Jervis. As his authority, the defendant relies upon the Port Jervis City Code § C 3-8 (D) which states "The Corporation Counsel shall not appear for or represent a defendant charged with any violation, misdemeanor or felony in the City Court of the City of Port Jervis”.
Mark D. Fox in his answering affidavit cites the lack of conflict by the analogy to County Law § 700 (8) which requires District Attorneys in counties having a population in excess of 100,000 from engaging in any other position.
County Law § 701 provides for the appointment of a Special District Attorney when the District Attorney is disqualified. Special prosecutors are appointed because of their expertise in the practice of criminal law.
Certainly, such expertise can only be gained by an attorney having appeared or presently appearing in the criminal courts of the State of New York.
The instant case appears to be a case of first impression and the analogy is similar. The appointment of a Special Corporation Counsel should be someone who practices in the area and is familiar with the prosecution of criminals or quasi-criminal matters.
The court finds, after reading the papers in support and in opposition of the motion, that there is no conflict and accordingly, the motion is denied.